**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE:<br><br>PIPELINERS OF PUERTO RICO, INC.<br><br><br>Debtor | CASE NO. 13-06871 BKT<br>Chapter 7<br><br><br><br>FILED & ENTERED ON 5/29/2014 |

## OPINION AND ORDER

Before the court is an urgent motion filed by petitioning creditor Prestige Capital Corp. ("Prestige") requesting an expedited hearing to consider the following contested matters:

Prestige's motion requesting entry of order for leave for limited derivative standing and request to turnover funds of the estate [Dkt No. 27], joined by Ryder Truck Rental, Inc. ("Ryder") [Dkt No. 30]. The chapter 7 trustee's (the "Trustee") opposition to the motion for leave for limited derivative standing and request to turnover funds of the estate [Dkt No. 40].

The Trustee's motion to dismiss case and request for sanctions against Prestige [Dkt No. 39], the United States Trustee's ("UST") motion in support of the dismissal of the case [Dkt No. 47], and Prestige's response [Dkt No. 69].

Prestige's request for removal of chapter 7 trustee [Dkt No. 37], joined by Ryder [Dkt No. 42], and the Trustee's opposition [Dkt No. 41].

The United Surety & Indemnity Company ("USIC") motion requesting entry of order declaring that it is entitled to a preferential right of subrogation over project's funds to the extent of its payments under the bonds and granting their reimbursement to USIC [Dkt No. 50].

For the reasons that are set forth below, the court grants the Trustee's and the UST's motions to dismiss.

## I.     Background

On August 23, 2013, petitioning creditors Prestige, Ryder and Helga L. Costas Rodriguez filed an involuntary petition against Pipeliners of Puerto Rico, Inc., aka, The Oil & Grease Company (the purported "Debtor"), under the provisions of chapter 7 of the Bankruptcy Code [Dkt No. 1]. Summons were issued on August 23, 2013 [Dkt No. 1], and a certificate of service dated October 2, 2013 shows that summons were served on September 18 2013 [Dkt No. 7]1. On November 13, 2013, the UST appointed Wilfredo Segarra Miranda as the Trustee to serve in the case.

Prestige filed a motion requesting entry of order for leave for limited derivative standing and request to turnover funds of the estate [Dkt No. 27], which was joined by Ryder [Dkt No. 30], asserting, in sum that:

1. Prestige is the senior secured creditor of Debtor for non-bonded accounts receivables.
2. Debtor's assets appear to include two substantial sub-categories of cash: (i) over $700,000 deposited in a pending interpleader litigation before the Puerto Rico State Courts and, (ii) over $2,000,000.00 in accounts receivable due by the Puerto Rico Aqueduct and Sewer Authority ("PRASA") to Debtor for work performed by Debtor, accepted by PRASA, and from which PRASA benefitted or is benefitting.

---

1. It is unclear if summons were served by personal service or service by mail. However, the applicable standard is the same, thus, it does not alter the court's determination.

3. All of the assets of the bankruptcy estate are fully encumbered, and the estate is administratively insolvent. Prestige, however, has advised the Trustee that it may agree to a carve-out of its collateral to allow the Trustee to administer the estate and collect any outstanding amounts due to Debtor by PRASA.

4. Prestige seeks the transfer to this Court of the funds deposited in the Puerto Rico State Court as part of an interpleader action captioned <u>Autoridad de Acueductos y Alcantarillados v. The Oil & Grease Company, Inc. y/o Pipeliners of Puerto Rico, Inc. et al.</u>, Civil Num. KAC2010-1450 (the "Interpleader"). The Interpleader was commenced by PRASA to have the State Court distribute Debtor's funds to its various competing creditors. There is $770,216.26 of the Debtor's cash deposited in the Puerto Rico State Courts relating to the Interpleader, of which $752,000.00 is cash collateral property of the estate.

5. Because the Debtor is currently in chapter 7, the matters concerning the Interpleader are core-matters now pending before this Court.

6. Because the Trustee has not requested a turnover of the Interpleader funds, Prestige seeks leave from this court for derivative standing to appear for the benefit of the bankruptcy estate and seek turnover of the $752,216.26 deposited in Civil Num. KAC2010-1450, pursuant to 11 U.S.C. § 542(a).

The Trustee opposes the request for limited derivative standing and request to turnover funds of the estate arguing that a derivative right does not exist in this case. The Trustee's arguments in support of its opposition are: (i) that Prestige's request would not benefit unsecured creditors or the estate, but only Prestige, (ii) Prestige and its counsel have a conflict of interest due to their representation of Prestige in pending prior proceedings against Debtor and other creditors with potential claims against the same funds, (iii) the filing of the instant involuntary petition was an effort by Prestige to by-pass the jurisdiction of the Superior Court of Puerto Rico and is forum shopping, and (iv) most of the issues between the secured creditors have been already been litigated either in the state or the District Court, where the interpleader is in an

advanced stage of litigation, a judgment has already been entered and the court is in the process of considering post judgment reconsideration motions.

The Trustee also requests that the case be dismissed because debtor has been out of business for various years and there are no business records available from which schedules may be prepared. Although certain limited information was obtained during the first part of the 341 meeting, the Trustee asserts that oral disclosures at a section 341 meeting are not a substitute to the mandatory disclosures under Federal Rule of Bankruptcy Procedure 1007(b). Lack of compliance with Bankruptcy Rules 1007(b)(2) & 1007(c) supports dismissal.

In the opposition to the request for derivative action and in his motion to dismiss, the Trustee requests sanctions be imposed upon petitioning creditors because the involuntary petition was not filed to prevent mismanagement by the debtor (who had long before closed operations), or to prevent fraudulent transfers of assets. Instead it was a forum shopping maneuver that resulted from Prestige's dissatisfaction with the process before the state court, and should be subject to an award of reasonable costs and attorney's fees.

The UST has agreed with the grounds for dismissal detailed by the Trustee in his dismissal motion. The UST further requests dismissal of the case, for cause, under section 707(a) of the Bankruptcy Code.

## II. Discussion

### A. Service of summons under Fed. R. Bankr. P. 1010(a) & 7004(a), (b)

Federal Rule of Bankruptcy Procedure 1010 provides that when an involuntary case is filed, service shall be made on the debtor by serving a summons and a copy of the petition in the manner provided for service of a summons and complaint in Federal Rule of Bankruptcy

Procedure 7004(a) or (b). Fed. R. Bankr. P. 1010(a). The time limits set forth in Federal Rule of Bankruptcy Procedure 7004(e) apply to service under Federal Rule of Bankruptcy Procedure 1010. 9 Collier on Bankruptcy ¶ 1010.03 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). Under Federal Rule of Bankruptcy Procedure 7004(e), personal service or service by mail must be made within 14 days after issuance of the summons. Id. "If service is not made, no order for relief can be entered." 2 Collier on Bankruptcy ¶ 303.08[3] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

In this case, the 14 day period to serve summons and a copy of the involuntary petition expired on September 6, 2013. As per the certificate of service dated October 2, 2013, summons were served on September 18, 2013 [Dkt No. 7]. Because the summons were not timely delivered or mailed, the appropriate action would be to strike the order for relief entered on October 22, 2013 [Dkt No. 10] as defective. However, because none of the parties raised it in their briefs, and the court is hesitant to do it *sua sponte*, and because it will not affect out ultimate determination as to the pending motions, the court will not further address it.

**B. Dismissal**

Section 521(a)(1) of the Bankruptcy Code provides a list of duties that the debtor must comply with, such as the duty to file a list of creditors, schedules and a statement of financial affairs. 11 U.S.C. § 521(a)(1). Section 521(a)(1) requires the debtor to file the schedules and statement of affairs, in accordance with the Federal Rules of Bankruptcy Procedure, particularly Federal Rule of Bankruptcy Procedure 1007. Id. Federal Rule of Bankruptcy Procedure 1007(c) requires that the schedules, statements, and other documents required by Rule 1007(b)(1) be filed by the debtor within 14 days after the entry of the order for relief. Fed. R. Bankr. P. 1007(c).

However, Rule 1007(a)(2) requires the list of creditors and entities to be included on Schedules G and H to be filed within seven days after the involuntary petition is filed.  Fed. R. Bankr. P. 1007(a)(2); 9 Collier on Bankruptcy ¶ 1007.03[2] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).  If the schedules, statements, or other documents are not filed on time, the United States trustee may move to dismiss the case.  Id.

Pursuant to section 707(a)(3), on a motion by the United States trustee, the court may dismiss a case under chapter 7, for cause, including failure of the debtor in a voluntary case to file the information required by paragraph (1) of section 521(a), within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case.  11 U.S.C. §§ 707(a)(3).

In this case the record shows that Debtor has failed to comply with the duties imposed by section 521, in accordance Federal Rules of Bankruptcy Procedure 1007(a)&(b), within the time limits provided by Rules 1007(a)(2)&(c).  As a result, and upon the UST's request for dismissal under the provisions of section 707(a)(3), the court finds that cause exists to grant the dismissal.

**C.  Imposition of sanctions: costs and attorney fees**

In this case, the Trustee seeks an award of damages, costs and/or attorney fees under section 303(i).  Sections 303(i)&(k) of the Bankruptcy Code provide protection for the debtor from frivolous or inappropriate involuntary filings by providing for possible money judgment, including costs and attorney fees, against petitioning creditors in certain specified situations. Section 303(i) provides:

> "If the court dismisses a petition under this section other than on consent of all petitioners and the debtor, and if the debtor does not waive the right to judgment under this subsection, the court may grant judgment--
> > (1) against the petitioners and in favor of the debtor for—

> (A) costs; or
> (B) a reasonable attorney's fee; or
> (2) against any petitioner that filed the petition in bad faith, for—
> (A) any damages proximately caused by such filing; or
> (B) punitive damages."

11 U.S.C. § 303(i).

This court finds that section 303(i) does not, on its face, provide a remedy for sanctions to be recovered by parties other than the debtor. Therefore, the standing to request any such sanctions is limited to the debtor. The Trustee has not proven otherwise. Accordingly, the court concludes that the Trustee does not have standing to recover damages under section 303(i).

**III.     Conclusion**

Service of summons and copy of the involuntary petition was untimely. As a result, the order for relief entered on October 22, 2013 [Dkt No. 10] is stricken from the record as flawed. Upon Debtor's failure to comply with the duties imposed by section 521, in accordance Federal Rules of Bankruptcy Procedure 1007(a)&(b), within the time limits of Rules 1007(a)(2)&(c), and upon the UST's motion to dismiss under section 707(a)(3), the case is dismissed. In light of this determination and dismissal of the case, the court finds that Prestige and Ryder's request for limited derivative standing, and request for removal of chapter 7 trustee, as well as USIC's motion requesting entry of order declaring that it is entitled to a preferential right of subrogation become moot.

WHEREFORE, IT IS ORDERED that the Trustee's and the UST's motion to dismiss shall be, and hereby are, GRANTED, without any award for damages, costs or attorney fees. Clerk to enter separate judgment.

In San Juan, Puerto Rico this 29th day of May, 2014.

Brian K. Tester
U.S. Bankruptcy Judge